UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL CAMPBELL,

        Plaintiff,

v.

NCW BILLING INC., et al.,

        Defendants.
_____/

Case no. 15-cv-12664

Paul D. Borman
United States District Judge

OPINION AND ORDER DISMISSING CASE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(a)

In this consumer credit action, the Plaintiff Carol Campbell died on August 20, 2017. The Court has ordered proper service on all known heirs or successors and none has expressed a timely intention to continue this action. For the reasons that follow, the Complaint is therefore DISMISSED WITH PREJUDICE.

I. **BACKGROUND**

On September 5, 2017, Plaintiff's counsel, Sylvia S. Bolos, filed a Notice of Suggestion of Death of the sole Plaintiff in this action, Carol Campbell, and served copies of the Notice by regular first class mail on "Rodney A. Giove, Esq., Giove Law Office, P.C., Attorney for NCW Billing Inc., Gregory Emminger, Heather Emminger, and Suzanne Mangus." (ECF No. 35, Notice of Suggestion of Death; Certificate of

1

Service.) On January 16, 2018, the Court entered an Order finding that service of the suggestion of death on these individuals was insufficient and required that service on the decedent's successors/personal representative/known heirs be accomplished pursuant to Fed. R. Civ. P. 4, as required by Fed. R. Civ. P. 25(a). (ECF No. 38, Order Requiring Evidence of Proper Service).

On February 12, 2018, pursuant to the Court's January 16, 2018 Order, Ms. Bolos filed with the Court Certificates of Service indicating that service of the Suggestion of Death of the Plaintiff, filed with the Court on September 5, 2017, has now been attempted on Plaintiff's children, Eavamarie Campbell and Kevin N. Campbell, and their aunt, Elaine Tower Taylor. (ECF Nos. 40-42.) Service as to Eavamarie Campbell and Elaine Taylor via Certified mail, return receipt requested, was attempted but the receipt was never returned. Service was then attempted via electronic mail to known email addresses and confirmation of receipt was received. (ECF Nos. 41, 42.) Service on Kevin Campbell was made via Certified mail, return receipt requested. (ECF No. 40.)

## II. ANALYSIS

Federal Rule of Civil Procedure 25 governs the substitution of a proper successor or representative of a deceased party. Rule 25(a)(1) allows the Court to substitute "the proper party" where death of a party does not extinguish a claim. Fed.

2

R. Civ. P. 25(a)(1). Rule 25(a)(1) requires a motion for substitution of a party to be filed within 90 days of the filing of the Notice of Suggestion of Death. Fed. R. Civ. P. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

The following steps must occur to commence the running of the 90-day period specified in Rule 25(a):

> Two steps are required for the 90-day period to commence. First, the suggestion of death must be made upon the record. Second, the suggestion of death must be served upon the other parties and the deceased's successor. If the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4.

*Jenkins v. Macatawa Bank Corp.*, No. 03-321, 05-460, 05-499, 2007 WL 737746, at *1 (W.D. Mich. March 7, 2007) (internal citations and quotation marks omitted).

"The Court finds that, while the service efforts on the non-parties have not been in full compliance with Fed. R. Civ. P. 4, [Ms. Bolos] ha[s] made a good faith effort to locate and provide Plaintiff's heirs and successors with notice of the Suggestion of Death." *Jones v. Prison Health Services*, No. 11-12134, 2014 WL 117326, at *3 (E.D. Mich. Jan. 13, 2014). The heirs have clearly expressed that they do not desire to continue this litigation.

Thus, the 90-day period in which a motion for substitution must be made pursuant to Fed. R. Civ. P. 25(a)(1) was triggered with service on January 24, 2018 (Kevin Campbell), February 8, 2018 (Elaine Taylor), and February 12, 2018 (Eavamarie Campbell). The 90-day period has expired and no motion for substitution has been filed. Pursuant to Fed. R. Civ. P. 25(a)(1), "the action by . . . the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

### III. CONCLUSION

Accordingly, because no timely motion has been made pursuant to Fed. R. Civ. P. 25(a) to substitute the proper party in this action, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 29, 2018.

s/Deborah Tofil
Case Manager